# United States Court of Appeals for the Federal Circuit

05-5099

JOHN F. HINCK
and PAMELA F. HINCK,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Teresa J. Womack, Redding & Associates, P.C., of Houston, Texas, argued for plaintiffs-appellants. With her on the brief was Sallie W. Gladney.

Bethany B. Hauser, Attorney, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Eileen J. O'Connor, Assistant Attorney General, and Kenneth L. Greene, Attorney. Of counsel was Marion E. M. Erickson.

Appealed from: United States Court of Federal Claims

Judge Francis M. Allegra

# United States Court of Appeals for the Federal Circuit

05-5099

JOHN F. HINCK and PAMELA F. HINCK,

Plaintiffs-Appellants,

v.

THE UNITED STATES,

Defendant-Appellee.

---

DECIDED: May 4, 2006

---

Before LOURIE, LINN, and DYK, Circuit Judges.

LOURIE, Circuit Judge.

John and Pamela Hinck (collectively the "Hincks") appeal from the judgment of the United States Court of Federal Claims dismissing their suit for lack of jurisdiction. Hinck v. United States, 64 Fed. Cl. 71 (Fed. Cl. 2005). Because the court lacked subject matter jurisdiction over the Hincks' interest abatement claim, we affirm.

BACKGROUND

Section 6404 of the Internal Revenue Code authorizes the Secretary of the Treasury to abate a tax or liability assessment in certain circumstances.[1] In 1986,

---

[1] Section 6404(a) of the Internal Revenue Code provides as follows:

> (a) General rule — The Secretary is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which —
> (1) is excessive in amount, or

Congress amended § 6404 by adding a new subsection (e)(1) that, for the first time, authorized the Secretary of the Treasury to grant an abatement of interest assessed against a taxpayer. As originally enacted by the Tax Reform Act of 1986, § 1563, Pub. L. No. 99-514, 100 Stat. 2085, 2762, § 6404(e)(1) provided in its entirety as follows:

> (e) ASSESSMENTS OF INTEREST ATTRIBUTABLE TO ERRORS AND DELAYS BY INTERNAL REVENUE SERVICE.-
>
> (1) In General — In the case of any assessment of interest on —
>
> (A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or
>
> (B) any payment of any tax described in section 6212(a) to the extent that any delay in such payment is attributable to such an officer or employee being dilatory in performing a ministerial act,
>
> the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

26 U.S.C. § 6404(e)(1) (1986).

In 1996, Congress enacted the Taxpayer Bill of Rights II, P.L. 104-168, § 301(a), 110 Stat. 1452 (1996), which made two changes to § 6404. First, it amended § 6404(e)(1) by adding the word "unreasonable" before the words "error or delay" and by changing the words "ministerial act" to "ministerial or managerial act." Those changes to § 6404(e)(1) were effective for interest accruing with respect to deficiencies

---

> (2) is assessed after the expiration of the period of limitation properly applicable thereto, or
>
> (3) is erroneously or illegally assessed.

or payments for tax years beginning after July 30, 1996, and thus do not apply to this appeal, which concerns the tax year 1986. Because of the effective date of the § 6404(e)(1) change, the original version of § 6404(e)(1) thus applies to the Hincks' claim.

The second change involved the addition of the present § 6404(h),[2] which provides for review of abatement determinations made by the IRS in the Tax Court as follows:

> The Tax Court shall have jurisdiction over any action brought by a taxpayer who meets the requirements referred to in section 7430(c)(4)(A)(ii) to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion, and may order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest.

Taxpayer Bill of Rights 2, P.L. 104-168 § 301(a) (1996). Section 7430(c)(4)(A)(ii) of Title 26 references 28 U.S.C. § 2412(d)(2)(B), and provides that, for purposes of a claim brought under § 6404, a taxpayer may not have a net worth of more than $2,000,000 or be the owner of a business worth more than $7,000,000. The addition of § 6404(h) applies to requests for abatement submitted to the IRS after July 30, 1996, regardless of the tax year involved, and thus applies to the Hincks' suit. P.L. 104-168 § 301(b), (c) (1996).

This appeal arises from a claim by the Hincks to recover tax interest paid for the tax year 1986. The facts are not disputed. The Hincks filed a joint federal income tax return for the tax year 1986. Hinck, 64 Fed. Cl. at 72. Ten years later, in May 1996, while their return for the tax year 1986 was under investigation by the Internal Revenue

[2] Section 6404(h) was initially designated § 6404(g). It was redesignated as § 6404(i) by the IRS Restructuring and Reform Act of 1998, Pub L. No. 105-206, and

Service (the "IRS"), the Hincks made an advance remittance of $93,890.00 to the IRS towards any income tax deficiency for that year. Id. The IRS later assessed $16,409.00 in additional taxes and $21,669.22 in interest against the Hincks for the taxable year 1986. Id. On February 14, 2000, the IRS applied the advance remittance payment to the total amount owed by the Hincks and refunded them the balance, $55,811.78. Id. On June 14, 2000, the Hincks filed a claim for a refund, which included a request that, owing to IRS errors and delays, interest assessed against the Hincks should be abated, pursuant to § 6404(e)(1) of the Internal Revenue Code, for the period from March 21, 1989, until April 1, 1993. Id. at 72-73. The IRS denied the Hincks' request on April 30, 2001. Id. at 73.

On April 20, 2003, the Hincks filed suit in the United States Court of Federal Claims seeking review of the IRS's refusal to abate the interest. Id. The government moved to dismiss the suit for lack of jurisdiction. On February 3, 2005, the court granted that motion. The court first determined that it possessed subject matter jurisdiction over tax refund claims under the Tucker Act, 28 U.S.C. § 1491(a), which provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . " Id. at 76. It concluded, however, that it still could not review the IRS's determination whether to abate the interest under I.R.C. § 6404(e)(1).

The court noted that prior to 1996, several cases had held that tax abatement determinations under § 6404(e)(1) are not judicially reviewable because the IRS has

---

then redesignated as § 6404(h) in 2002 by P.L. 107-134, § 112(d)(1).

sole discretion to abate interest and there are no tests or standards by which to adjudicate the correctness of the IRS's determination. But, in 1996, § 6404 had been amended to include § 6404(h), which provides that the Tax Court shall have jurisdiction to review abatement determinations. The trial court analyzed the statutory language of the amended version of § 6404 and its legislative history and determined that § 6404(h) did not disturb the holdings of the prior decisions, and that the rationale set forth in those decisions that there was no appeal from denial of interest abatement decisions was still applicable. Thus, the court determined that only the Tax Court, not the Court of Federal Claims, could review interest abatement determinations by the IRS.

The Hincks timely appealed the final judgment of the Court of Federal Claims dismissing their action; we have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

"A decision of the Court of Federal Claims 'to dismiss a complaint for lack of jurisdiction is a question of law subject to . . . independent review by this court.'" Texas State Bank v. United States, 423 F.3d 1370, 1375 (Fed. Cir. 2005) (quoting Shearin v. United States, 992 F.2d 1195, 1195 (Fed. Cir. 1993)).

Whether the Court of Federal Claims has jurisdiction over § 6404(e)(1) interest abatement decisions is one of first impression in our court. However, several other circuit and district courts have previously considered the same issue, both before the enactment of § 6404(h) in 1996 and subsequent to its enactment. That case law, although not binding on us, is relevant to our analysis, and thus we begin by discussing that authority.

Prior to 1996, several courts had held that district courts had subject matter jurisdiction over § 6404(e)(1) claims, but that the Administrative Procedure Act ("APA") barred judicial review of those claims. Argabright v. United States, 35 F.3d 472 (9th Cir. 1994); Selman v. United States, 941 F.2d 1060 (10th Cir. 1991); Horton Homes, Inc. v. United States, 936 F.2d 548 (11th Cir. 1991). In Horton Homes, the Eleventh Circuit held that the district court had subject matter jurisdiction over the taxpayers' interest abatement claim because 28 U.S.C. § 1346 states that the "district court shall have original jurisdiction . . . of [a]ny civil action against the United States for the recovery of internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws"; the court held that the reference in the statute to "tax" included interest imposed on such tax. 936 F.2d at 550. The court also held, however, that the taxpayers' claim was not subject to judicial review because § 6404(e)(1) left the interest abatement decision to the Secretary, and the APA specifies that decisions committed to agency discretion by law were not reviewable. Id. at 554.

In Selman, the Tenth Circuit reached the same result through a different interpretation of 28 U.S.C. § 1346, reasoning that the taxpayers' § 6404(e)(1) claim fell "within the district court's jurisdiction to decide cases regarding 'any sum alleged to have been excessive . . . under the internal revenue laws'" because "any sum" may refer to amounts which are neither taxes nor penalties, and one obvious example of such a "sum" was interest. 941 F.2d at 1062 (citing Flora v. United States, 362 U.S. 145, 149 (1959)). The court determined that although it had subject matter jurisdiction

to hear a suit for refund of interest under 28 U.S.C. § 1346, judicial review of abatement decisions was precluded because Congress meant to commit abatement determinations under § 6404(e)(1) to the Secretary's sole discretion. Id. at 1064. The court observed that the language in § 6404(e)(1) was permissive and discretionary, stating that the Secretary "may" abate interest, whereas in subsection (e)(2), Congress directed that the Secretary "shall" abate the assessment of all interest on any erroneous refund under § 6602. Id. In addition, the court noted that the legislative history of § 6404(e)(1) explained that § 6494(e)(1) "gives the IRS authority to abate interest but does not mandate that it do so." Id.

Finally, in Argabright, the Ninth Circuit held that district courts had subject matter jurisdiction over interest abatement claims, and relied on Horton Homes and Selman as persuasive authority to hold that the APA proscribed judicial review of the taxpayers' claim. 35 F.3d at 475-76.

Thus, prior to the enactment of § 6404(h) in 1996, at least three circuits were in agreement that, while district courts had subject matter jurisdiction over § 6404(e) claims, those claims were not subject to judicial review under the APA. Subsequent to the 1996 amendment, however, courts considering that same issue have not been in agreement. On the one hand, several district courts have held that Congress's grant of jurisdiction to the Tax Court to review interest abatement claims in § 6404(h) was exclusive and thus withdrew jurisdiction from all other courts. Ballhaus v. Internal Revenue Serv., 341 F. Supp. 2d 1145 (D. Nev. 2005); Kraemer v. United States, No. CIV. H-00-2948, 2002 WL 575791 (S.D. Tex. Feb. 13, 2002); Dogwood Forest Rest Home, Inc. v. United States, 181 F. Supp. 2d 554 (M.D.N.C. 2001); Davies v. United

States, 124 F. Supp. 2d 717 (D. Me. 2000); Henderson v. United States, 95 F. Supp. 2d 995 (E.D. Wis. 2000). As the district court noted in Ballhaus, those "holdings rested on congressional intent as construed by the legislative record, which indicated that Congress was well-aware of the case law constraining the federal courts' ability to review the Secretary's decisions, and had intended not to disturb the Argabright line of cases holding that district court review was unavailable." 341 F. Supp. 2d at 1148.

On the other hand, the Fifth Circuit concluded in Beall v. United States, 336 F.3d 419 (5th Cir. 2003), that district courts did have subject matter jurisdiction to review § 6404(e)(1) appeals and that the APA did not bar review of those claims. Accord Leiter v. United States, No. Civ.A. 03-2149-GTV, 2004 WL 303210, at *8 (D. Kan. Jan. 22, 2004) ("After reviewing the prior cases deciding this issue, as well as the relevant legislative history, the court is persuaded by the 5th Circuit's rationale in Beall. Accordingly, the court concludes that it has jurisdiction to review the IRS's denial of Plaintiff's request to abate interest.").

According to the Fifth Circuit, the purpose of amending § 6404 in 1996 was to remove any impediment to district court review of interest abatement claims, and "Congress clearly expressed its intent that the decision to abate interest no longer rest entirely within the Secretary's discretion." Beall, 336 F.3d at 426, 429. The court reasoned that the fact that the Tax Court had jurisdiction to review interest abatement challenges means that the abatement decision was "no longer committed solely to agency discretion," and thus that the APA did not preclude judicial review of those claims. Id. at 426-27. The court also held that Congress's enactment of § 6404(h) did not repeal the district court's existing subject matter jurisdiction because the legislative

history stated that "[n]o inference is intended as to whether under present law any court has jurisdiction to review IRS's failure to abate interest" and repeals by implications are disfavored. Id. (quoting H.R. Rep. No. 104-105, at 28 (1996)).

In addition, the court expressed concern that denying the district court jurisdiction to hear claims under § 6404(e)(1) would result in two anomalies: first, only certain taxpayers who met the net worth requirements found in § 6404(h) would be able to seek judicial review of the IRS's failure to abate interest, and second, denying district courts power to hear claims under § 6404(e)(1) would force certain plaintiffs to split their abatement claims from their refund claims, and force them to seek relief in two courts. Id. at 430. The court thus concluded that the grant of jurisdiction to the Tax Court in § 6404(h) over interest abatement claims was not meant to preclude the district courts' exercise of jurisdiction over those same claims. Id.

On appeal, the Hincks argue that the Court of Federal Claims had jurisdiction over their interest abatement claim under both the Tucker Act, 28 U.S.C. § 1491,[3] and 28 U.S.C. § 1346(a)(1).[4] Because jurisdiction is presumed from the Tucker Act and 28 U.S.C. § 1346(a)(1), the Hincks assert that pre-1996 cases dismissing interest abatement claims in the district courts for lack of jurisdiction under the APA were erroneously decided. The Hincks also assert that even if those cases were correctly

---

[3] 28 U.S.C. § 1491(a) provides the Court of Federal Claims with jurisdiction over claims "founded either upon the Constitution or any Act of Congress or any regulation of an executive department."

[4] 28 U.S.C. § 1346(a)(1) provides the federal district courts, "concurrent" with the Court of Federal Claims, with jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

decided, their holdings were abrogated by the 1996 Taxpayer Bill of Rights 2, which provided a judicially manageable standard for reviewing § 6404(e)(1) claims. In addition, the Hincks argue that the statute does not create an exclusive grant of jurisdiction to the Tax Court, pointing out that the tax system generally grants jurisdiction to the Court of Federal Claims and district courts over post-payment tax refund actions, such as § 6404(e)(1) claims. The Hincks contend that Congress would have expressly mandated exclusive jurisdiction in the statute if it had intended to do so; they assert that an interpretation of the statute contrary to their position would frustrate the intent of the Taxpayer Bill of Rights 2 to "provide for increased protections of taxpayer rights."

The government responds that the Court of Federal Claims correctly determined that it derives its jurisdiction over interest abatement claims from the Tucker Act. However, the government asserts that the Court of Federal Claims may not review the IRS's denial of interest abatements because § 6404(h) consigns review of the IRS's determinations exclusively to the Tax Court. The government also contends that interest abatement decisions are not reviewable in the Court of Federal Claims because there are no relevant factors or justiciable standards for determining when the IRS must abate interest. Finally, the government argues that because the version of § 6404(e)(1) at issue is virtually identical to the original version, the analysis of that provision in pre-1996 cases remains valid.

Our decision turns on the issue of subject matter jurisdiction: whether § 6404(h)'s grant of jurisdiction to the Tax Court is exclusive or whether the Court of Federal Claims has concurrent jurisdiction to review interest abatement claims. It is well established that, without subject matter jurisdiction, the Court of Federal Claims, or any court, lacks

power to determine the case before it. United States v. Cotton, 535 U.S. 625, 630 (2002). "A party seeking the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists." Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). The subject matter jurisdiction of the Court of Federal Claims is limited. See 28 U.S.C. §§ 1491-1509. We are also mindful of "the black letter law that the United States as a sovereign may not be sued unless it consents." Flexfab, L.L.C. v. United States, 424 F.3d 1254, 1263 (Fed. Cir. 2005) (citing United States v. Lee, 106 U.S. 196 (1882)). "We thus are careful not to open the courthouse doors to those falling victim to the statements of unauthorized government agents, lest we broaden improperly the government's waiver of immunity from suit in these cases." Id. at 1264 (citing Chancellor Manor v. United States, 331 F.3d 891, 898 (Fed. Cir. 2003) ("Waivers of sovereign immunity are construed narrowly.")).

Here, we agree with the government that § 6404(h) grants the Tax Court exclusive jurisdiction over interest abatement claims, and that the Court of Federal Claims thus does not have subject matter jurisdiction to review those claims. When interpreting a statute, we look first to the language of the statute. United States v. Wells, 519 U.S. 482, 490 (1997). Section 6404(h) grants jurisdiction to a particular court, the Tax Court, to review IRS denials of interest abatements, and also specifies a particular standard, abuse of discretion, to be applied by that court: the "Tax Court shall have jurisdiction . . . to determine whether the Secretary's failure to abate interest under this section was an abuse of discretion." Section 6404(h) also grants the Tax Court the power to issue a remedy: "[t]he Tax Court . . . may order an abatement, if [an interest abatement] action is brought within 180 days after the date of the mailing of the

Secretary's final determination not to abate such interest." Because § 6404(h) provides a specific procedure for reviewing IRS determinations of interest abatement, specifies that the proper forum for those reviews is the Tax Court, and grants the Tax Court the power to issue an abatement, we conclude that Congress intended the Tax Court to be the sole forum in which denials of interest abatement claims may be challenged.

Our view is confirmed by Supreme Court decisions holding that where "Congress has provided statutory review procedures designed to permit agency expertise to be brought to bear on particular problems, those procedures are presumed to be exclusive." Whitney Nat'l Bank in Jefferson Parish v. Bank of New Orleans & Trust Co., 379 U.S. 411, 420 (1965) (citing Callanan Road Improvement Co. v. United States, 345 U.S. 507 (1953); Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41 (1938); Texas & Pac. R. Co. v. Abilene Cotton Oil Co., 204 U.S. 426 (1907)).

In Whitney National Bank, the statute at issue was the Bank Holding Company Act of 1956, which prohibited a bank holding company from acquiring ownership or control of a national bank, new or existing, without the approval of the Federal Reserve Board. The Act provided for a full administrative proceeding before the Board in which all interested persons could participate and the views of the interested supervisory authorities could be obtained, and judicial review of that proceeding by specific courts of appeals. Id. at 417. The Supreme Court held that the statutory review procedures found in the Bank Holding Company Act of 1956 were "the sole means by which questions as to the organization or operation of a new bank by a bank holding company may be tested." Id. at 419. The Court reasoned,

> Congress has set out in the Bank Holding Company Act of 1956 a carefully planned and comprehensive method for challenging Board

> determinations. That action by Congress was designed to permit an agency, expert in banking matters, to explore and pass on the ramifications of a proposed bank holding company arrangement. To permit a district court to make the initial determination of a plan's propriety would substantially decrease the effectiveness of the statutory design.

Id. at 420.

The same reasoning applies here. Even though the Tax Court is not an agency, it is a specialized court with expertise in tax matters. Congress only expressed its intent in § 6404(h) that the Tax Court review the merits of interest abatement claims and order remedies as appropriate. In this context, permitting the Court of Federal Claims to make a concurrent determination as to the propriety of a denial of interest abatement "would substantially decrease the effectiveness of the statutory design." Id.

Further, the legislative history confirms that Congress intended the Tax Court to have exclusive subject matter jurisdiction over abatement decisions under § 6404(e)(1). The House Report accompanying the Taxpayer Bill of Rights 2 states:

> Present law
>
> Federal courts generally do not have the jurisdiction to review the IRS's failure to abate interest.
>
> Reasons for change
>
> The Committee believes that it is appropriate for the Tax Court to have jurisdiction to abate interest with respect to certain taxpayers.
>
> Explanation of provision
>
> The bill grants the Tax Court jurisdiction to determine whether the IRS's failure to abate interest for an eligible taxpayer was an abuse of discretion. The Tax Court may order an abatement of interest. The action must be brought within 180 days after the date of mailing of the Secretary's final determination not to abate interest. An eligible taxpayer must meet the net worth and size requirements imposed with respect to awards of attorney's fees. No inference is intended as to whether under present law any court has jurisdiction to review IRS's failure to abate interest.

H.R. Rep. No. 104-506, at 28 (1996). Clearly, in 1996, Congress recognized that the courts generally do not have jurisdiction over interest abatement claims. However, Congress did not then grant jurisdiction to district courts and the Court of Federal Claims. Rather, the language of § 6404 vests jurisdiction specifically in the Tax Court. As a House Report accompanying the pending Taxpayer Bill of Rights 2000 states:

> The Taxpayer Bill of Rights 2 specifically granted jurisdiction to the Tax Court to review for abuse of discretion any decision by the IRS not to abate interest that is attributable to unreasonable error or delay be Service employees in the performance of a ministerial or managerial act, effective for requests for abatement filed after July 30, 1996. Otherwise review of the Secretary's failure to use his or her discretion may not be available. The courts have held that judicial review of the IRS' failure to use its discretion to abate interest is generally not available, unless jurisdiction is specifically granted by statute or a standard has been established.

H.R. Rep. No. 106-566, at 32 (2000) (emphasis added) (footnotes omitted). Based on the specific statutory mandate, we therefore conclude that Congress intended to grant the Tax Court exclusive jurisdiction over interest abatement claims, and thus withdrew subject matter jurisdiction from all other courts over those claims.

Our interpretation of § 6404(h) is consistent with various district court decisions that have also concluded that the Tax Court has exclusive subject matter jurisdiction over the IRS's denials of interest abatement. Ballhaus, 341 F. Supp. 2d at 1151 ("[T]his Court determines that it does not have subject matter jurisdiction to hear the Plaintiff's claim for abatement of the interest assessed against him by the IRS. The 1996 amendment's express grant of jurisdiction to the tax court to hear disputes regarding interest abatements created exclusive jurisdiction in the tax court at the fact-finding stage of litigation."); Kraemer, 2002 WL 575791, at *6 ("Congress first acknowledged the district courts' powerlessness to review abatement decisions and then granted the

Tax Court, alone, that jurisdictional power. This is the only plausible reading of 26 U.S.C. § 6404[h]."); Dogwood Forest Rest Home, Inc., 181 F. Supp. 2d at 558 ("[T]he review of the IRS's determination not to abate interest is properly within the jurisdiction of the Tax Court and not within the subject matter jurisdiction of this court."); Davies, 124 F. Supp. 2d at 720 ("Congress, in enacting section [6404(h)], was well aware of, and intended to leave undisturbed, the Argabright line of cases--i.e., that it expected that federal district courts would not undertake [review of interest abatement claims]."); Henderson, 95 F. Supp. 2d at 1004 (E.D. Wis. 2000) ("[T]his Court lacks jurisdiction over plaintiffs' request for interest abatement under section 6404(e) as section 6404(i) [which became 6404(h)] grants jurisdiction specifically to the Tax Court.").

Finally, as we have noted, the Fifth Circuit has rendered a contrary decision in Beall, holding that "in enacting section 6404(h), Congress . . . removed any impediment to district court review of section 6404(e)(1) claims." 336 F.3d at 428. According to the Fifth Circuit, finding exclusive jurisdiction in the Tax Court would result in two anomalies: first, only certain taxpayers who meet the net worth requirements found in § 6404(h) would be able to seek judicial review of the IRS's failure to abate interest, and second, denying district courts power to hear claims under § 6404(e)(1) would force certain plaintiffs to split their abatement claims from their refund claims, and force them to seek relief in two courts. Id. at 430. Respectfully, neither concern persuades us to construe differently a statute that is clear on its face.

First, the legislative history makes clear that Congress was aware that only certain taxpayers could seek relief under § 6404(h). See H.R. Rep. No. 104-506 at 28 (1996) ("The Committee believes it is appropriate for the Tax Court to have jurisdiction

to review IRS's failure to abate interest with respect to certain taxpayers.") (emphasis added). To the extent that the statute provides no recourse for taxpayers who exceed the net worth criteria in § 7430, that result was contemplated by Congress. We cannot rewrite the statute to reach a different outcome. Allowing individuals who exceed the net worth requirement of § 7430 to bring a refund suit in other courts would undermine Congress's clear intent to limit the right to recover to those satisfying a net worth limitation. We note that in the Equal Access to Justice Act, 28 U.S.C. § 2412(d), Congress provided that recovery of attorney fees incurred in litigating against the government is limited to parties "whose net worth did not exceed $2,000,000 at the time the civil action was filed." A similar limitation was imposed here.

Second, Congress recognized that district courts had jurisdiction over tax refund claims, but not interest abatement claims, and specifically granted the Tax Court jurisdiction over the latter in particular circumstances involving certain taxpayers. That the interest abatement claim may have to be separated from a refund claim may not appear to be efficient, but that policy concern does not compel a different statutory construction when the statute seems clear.

Based on the language and legislative history of the statute, we thus conclude that § 6404(h) grants exclusive subject matter jurisdiction to the Tax Court to review the IRS's denials of interest abatement. Because the Court of Federal Claims lacked subject matter jurisdiction over the Hincks' interest abatement claim, we do not address justiciability. In addition, we have considered the Hincks' remaining arguments and find them unpersuasive or unnecessary for our decision.

CONCLUSION

Because the Court of Federal Claims lacked subject matter jurisdiction over the Hincks' interest abatement claim, the decision of that court is

AFFIRMED.