IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-683 T

(Judge Marian Blank Horn)

(Consolidated with Nos. 05-695 T, 05-696 T, 05-1074 T, 05-1315 T, & 05-1384 T)

JOHN E. KETTLE and ANNE R. KETTLE,

Plaintiffs

v.

THE UNITED STATES,

Defendant.

JOINT STATUS REPORT

Pursuant to the Court's Order [Doc. #17] dated May 17, 2006, the parties, through their attorneys, provide the following progress report on *Robert J. Isler and Susan L. Isler v. United States*, Fed. Cl. No. 01-344 T, *Jeffrey T. Scuteri v. United States*, Fed. Cl. No. 01-358 T, *Ronald C. Prati and Mary G. Prati v. United States*, Fed. Cl. No. 02-60 T; *Kenneth C. Keener v. United States*, Fed. Cl. No. 03-2028 T; *William P. Smith, Jr. and Anne D. Smith v. United States,* Fed. Cl. No. 04-907 T; *Donald L. Dismore and Bettye G. Dismore v. United States*, Fed. Cl. No. 04-1787 T; and *John F. and Pamela F. Hinck v. United States,* Fed. Cl. No. 03-865 T:

1. On October 8, 2004, the Court heard oral argument in *Isler, Scuteri,* and *Prati*. The United States filed an additional motion for partial dismissal in *Isler* on December 12, 2005, in *Scuteri* on February 3, 2006, and in *Prati* on June 2, 2006.

2. On March 29, 2006, the parties filed a joint motion for transfer to a single judge

of most then currently pending and all future filed AMCOR partnership cases. *See Wood et. al. v. U.S.*, Fed. Cl. No. 02-56 T, Mot. [Doc. #24]. Subsequently, many AMCOR cases, including *Isler*, *Prati*, and *Scuteri*, were transferred to Judge Lawrence J. Block, and a procedure was established for assigning all newly filed AMCOR cases to Judge Lawrence J. Block.

3. On September 14, 2004, the Court heard oral argument in *Hinck*, and, pursuant to an opinion issued February 3, 2005, this Court dismissed the complaint in *Hinck.* On May 4, 2006, the Federal Circuit affirmed this Court's dismissal of the complaint. *See Hinck v. United States*, 446 F.3d 1307 (Fed. Cir. 2006). The Federal Circuit held that 26 U.S.C. § 6404(h) grants exclusive subject matter jurisdiction to the Tax Court to review the IRS's denials of interest abatement, and therefore the Court of Federal Claims lacks subject matter jurisdiction to do the same. Under the Federal Circuit's decision, the Court lacks subject matter jurisdiction over the interest abatement claims in *Kettle*, Fed. Cl. No. 04-683 T and *Weidemann*, Fed. Cl. No. 05-1384 T. Plaintiffs' counsel, however, intends to petition for Supreme Court review of the Hinck decision.

The parties informed the Court on May 9, 2006 about the Federal Circuit's decision in *Hinck*, and proposed the Court wait until final appellate action, before dismissing plaintiffs' interest abatement claims. *See* Joint Notice [Doc. #16]. The Court ordered the parties to file quarterly status reports, beginning on or before Monday, July 3, 2006, to address plaintiffs' counsel's efforts and future proceedings in the present case and cases consolidated therewith. After the parties' joint notice, plaintiffs' counsel decided not to petition the Federal Circuit for rehearing of *Hinck*. Plaintiffs' counsel still intends to petition for Supreme Court review of the opinion, and is still in process of preparing the petition. The parties continue to propose the

Court wait until final appellate action, before dismissing plaintiffs' interest abatement claims.

4. *Keener* and *Smith* were consolidated on August 11, 2005, for briefing of dispositive motions, and the United States filed a motion for partial dismissal in *Keener* and *Smith* on November 4, 2005. On February 21/22, 2006, plaintiffs filed their response and a partial motion for summary judgment. On May 5, 2006, defendant filed a response to plaintiffs' summary judgment motion, and, on May 10, 2006, a reply to plaintiffs' response.

5. In *Dismore*, the United States filed a motion to dismiss one of plaintiffs' two claims on January 6, 2006. Plaintiffs filed their response on March 7, 2006, and the United States filed its reply on March 28, 2006. Oral argument was held on the motion on June 9, 2006.

6. Since the above-captioned case and those consolidated therewith present issues of fact and law in common with *Isler, Scuteri*, *Prati*, *Hinck*, *Keener,* and *Smith* (six of the seven representative cases), the parties request that proceedings be suspended pending a final decision in *Isler, Scuteri*, *Prati*, *Hinck*, *Keener,* and *Smith*.

7. Plaintiffs' attorney has authorized defendant's attorney to sign this motion on her behalf.

Respectfully submitted,

| | |
|---|---|
| 07/03/2006 | s/Teresa J. Womack by s/Bart D. Jeffress |
| Date | TERESA JEAN WOMACK<br>Redding & Associates, P.C.<br>P.O. Box 924328<br>Houston, Texas 77292-4328<br>(713) 965-9244<br>(713) 621-5227 (fax) |
| | Attorney for Plaintiffs |

07/03/2006 s/Bart D. Jeffress
Date

BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

07/03/2006 s/Steven I. Frahm
Date

Of Counsel
Attorneys for Defendant