IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-683 T

(Judge Marian Blank Horn)

(Consolidated with Nos. 05-695 T, 05-696 T, 05-1074 T, 05-1315 T, & 05-1384 T)

---

JOHN E. KETTLE and ANNE R. KETTLE,

Plaintiffs

v.

THE UNITED STATES,

Defendant.

---

JOINT STATUS REPORT

---

Pursuant to the Court's Order [Doc. #36] filed May 8, 2008, the parties provide the following joint status report.

Pending before the Court are six AMCOR cases, which divide into two groups. Group I has two cases: (1) *Kettle*, Fed. Cl. No. 04-683 T; and (2) *Weidemann*, Fed. Cl. No. 05-1384 T. Group II has four cases: (1) *Plowman*, Fed. Cl. No. 05-695 T; (2) *Glass*, Fed. Cl. No. 05-696 T; (3) *Mitchell*, 05-1074 T; and (4) *Brandsted*, Fed. Cl. No. 05-1315 T.

## I. Group I Report

As originally pleaded, the Court's Group I cases, *Kettle* and *Weidemann*, had only three types of claims: (1) period of limitation; (2) tax motivated interest; and (3) interest abatement. The Court dismissed the interest abatement claims in both cases, *see infra* note 1, but the other two types of claims remain.

The following is plaintiffs' brief explanation of each of the remaining claims:

Plaintiffs' explanation of period of limitation claim: The 1984 and 1985 assessments against the Kettles and the Weidemanns were made after their individual assessment periods expired and their payments must, therefore, be refunded. Section 6501(a) mandates that unless an exception applies any assessment against a taxpayer must be made within 3 years after he files his tax return. It is undisputed that the relevant assessments were made far more than 3 years after the partners filed their 1984 and 1985 returns. If the assessment arises from a partnership subject to TEFRA then §6229(a) extends that period to 3 years after the partnership files its information return. If an FPAA is issued while a partner's assessment period is still open then §6229 extends his assessment period until after the partnership-level proceedings are concluded or his partnership items are converted to nonpartnership items, usually by settlement. As to the 1984 claims at issue, the government has asserted in related cases that the laws of agency do not apply to the signing of partnership returns and, therefore, the 1984 AMCOR partnership tax returns were invalid because they were signed by the treasurer of AMCOR, which the partners assert was a partner as a matter of law, under multiple powers of attorney given to AMCOR by the individual limited partners. *Agri-Cal Venture Associates v. C.I.R.*, T.C.Memo 2000-271. If valid partnership returns were never filed then the limitations period to assess never began to run. §6229(c)(3). The tax matters partner can give the Internal Revenue Service an extension to assess against any partner whose assessment period is still open, but only for assessments arising from that partnership. §6229(b)(1)(B). The government never requested an extension regarding the 1984 partnerships but the tax matters partners did give the government extensions for the 1985 partnerships. The partners assert that those extensions were

invalid due to multiple conflicts of interest that then existed between the tax matters partners and the limited partners, conflicts of which the government was aware when it solicited the extensions. Section 7422 bars this Court in a partner-level suit from addressing refund claims attributable to partnership items. The partners assert that §7422 does not bar jurisdiction in these partner-level cases because a partner's limitations period to assess, and every element thereof, is by statute a non-partnership item. §§6231(a)(3) and (4).

Plaintiffs' explanation of tax motivated interest claim: The IRS may impose the §6621(c) penalty rate of interest only if the tax is attributable to one of the tax motivated transactions ("TMTs") expressly enumerated in the statute and regulations. Imposing the penalty interest rate on the Kettles' tax liability was improper because their assessments arose from Form 870-P(AD) settlements which did not state any basis for the agreed adjustments, TMTs or otherwise. The Weidemanns' assessments arose from partnership-level Tax Court decisions which did not hold that the partnership item adjustments therein were due to any enumerated TMTs. If the government is allowed to go behind the Form 870-P(AD) settlements and Tax Court decisions to retroactively base the assessments on the FPAAs then the imposition of §6621(c) penalty interest is still improper because the FPAAs listed multiple, undifferentiated bases, some TMTs and some not, for the same proposed partnership item adjustments. Where there are multiple, undifferentiated bases for an adjustment, some TMTs and some not, then under the IRS's own formula in Temp. Treas. Reg. §301.6621-2T, Q & A-5 the amount of tax attributable to the TMTs (*i.e.* the amount subject to the §6621(c) penalty rate of interest) is always -0-. This Court has jurisdiction to address the partners' penalty interest claims because §6621(c) is a §6231(a)(5) affected item, not a §6231(a)(3) partnership item.

Regarding Group I (*Kettle* and *Weidemann*), the parties report on the progress in the following five cases: (1) *Keener*, Fed. Cl. No. 03-2028 T; (2) *Smith*, Fed. Cl. No. 04-907 T; (3) *Isler*, Fed. Cl. No. 01-344 T; (4) *Scuteri*, Fed. Cl. No. 01-358 T; and (5) *Prati*, Fed. Cl. No. 02-60 T.

**A. Progress Report**

(1) *Keener*, Fed. Cl. No. 03-2028 T and (2) *Smith*, Fed. Cl. No. 04-907 T: *Keener* and *Smith* present claims like the claims raised in the two Group I cases.

*Keener* and *Smith* were consolidated on August 11, 2005, for briefing of dispositive motions. On April 18, 2007, Judge Allegra issued an opinion in *Keener* and *Smith*, granting defendant's partial motion to dismiss for lack of jurisdiction taxpayers' period of limitations and tax motivated interest claims.[1]

Judgment entered in *Keener* and *Smith* on August 17, 2007. Under the decision, the Court lacks subject matter jurisdiction over the period of limitation and tax motivated interest claims in the two Group I cases (*Kettle* and *Weidemann*). Plaintiffs' attorneys, however, filed a notice of appeal on October 15, 2007, and briefing of the appeal is now complete, although oral argument has not yet been scheduled.

(3) *Isler*, Fed. Cl. No. 01-344 T; (4) *Scuteri*, Fed. Cl. No. 01-358 T; and (5) *Prati*, Fed. Cl. No. 02-60 T: *Isler*, *Scuteri*, and *Prati* present claims like the three types of claims raised in the two Group I cases, and *Isler* and *Scuteri* also present claims like the claims raised in the four

---

[1] On August 8, 2007, the parties filed a joint stipulation of dismissal of the interest abatement claims in *Keener* and *Smith*, as a result of the Supreme Court's decision in *Hinck v. United States*, 127 S.Ct. 2011 (2007). Also pursuant to *Hinck*, the Court dismissed the interest abatement claims in its two Group I cases - *Kettle*, Fed. Cl. No. 04-683 T and *Weidemann*, Fed. Cl. No. 05-1384 T. *See Order* [Doc. #26], Fed. Cl. No. 04-683 T.

Group II cases.[2] Regarding the claims like those raised in the two Group I cases:

On October 8, 2004, the Court heard oral argument in *Isler, Scuteri,* and *Prati*. The United States filed an additional motion for partial dismissal in *Isler* on December 12, 2005, in *Scuteri* on February 3, 2006, and in *Prati* on June 2, 2006. Plaintiffs filed their responses in *Isler* and *Scuteri* on July 17, 2006, and their response in *Prati* on July 18, 2006. The United States filed its replies on August 28, 2006. On September 29, 2006, defendant filed an additional/alternative ground in support of its motion for partial dismissal in all three cases. Plaintiffs filed their responses on November 13, 2006, and the United States filed its replies on November 30, 2006. The Court held oral argument on all pending motions on May 1, 2007. Plaintiffs filed their post oral argument supplemental brief on July 5, 2007. The United States filed its response on October 4, 2007.

On April 16, 2008, Judge Block issued an opinion and order in *Prati*, granting defendant's motions to dismiss for lack of jurisdiction taxpayers' claims regarding period of limitations, tax motivated interest, and abatement of interest, and ordering all claims in *Prati* be dismissed and 76 other related AMCOR cases be dismissed. (On July 1, 2008, the Court denied a motion to reconsider its opinion). Under the *Prati* decision, as under the *Keener* decision, the Court lacks subject matter jurisdiction over the period of limitation and §6621(c) tax motivated interest claims in the two Group I cases (*Kettle* and *Weidemann*).

Plaintiffs' attorneys, however, intend to appeal the *Prati* decision and approximately 59

---

[2] This statement is corrected from past reports, which included *Prati* as also presenting claims like the claims raised in the four Group II cases. *Prati*, however, only raised claims like the claims raised in the two Group I cases.

of the related cases dismissed with *Prati*.[3]

**B. Plaintiffs' Additional Statement:**[4]

There is a split on the §6621(c) penalty interest jurisdictional issue in the Court of Federal Claims that will more than likely be decided by the outcome of the appeal in *Keener*. In a different set of partnership cases, the Elektra cases, Judge Lettow held that this court does have jurisdiction over §6621(c) penalty interest claims based on the same arguments raised by the government in *Keener* and *Prati*. *McGann v. U.S.*, 76 Fed.Cl. 745 (2007). On April 25, 2008, Judge Lettow reiterated his prior holding that the Court has jurisdiction to address the §6621(c) penalty interest claim and then ruled on the merits of the McGanns' claim holding that imposing the §6621(c) penalty rate of interest was improper as a matter of law and that the McGanns' overpayment must be refunded. *McGann v. U.S.*, 81 Fed.Cl. 642 (2007). The United States filed a protective appeal raising both the jurisdictional and merits issues and on July 14, 2008, the Solicitor General declined to pursue that appeal. An executed stipulation to dismiss was mailed to the Federal Court on July 22, 2008.

Moreover, there is a split on the §6621(c) penalty interest jurisdictional issues between this Court and the district courts of the Fifth Circuit. Two independent district courts have rejected the government's jurisdictional arguments in another AMCOR case and another Elektra case. *Mellina v. United States,* 518 F.Supp.2d 825, 829 (N.D.Tex.2007)(AMCOR) and *Bartimmo*

[3] The parties expect that 15 to 17 of the 76 judgments entered pursuant to the *Prati* decision will be vacated to permit plaintiffs in those cases to pursue purely individual case specific claims they allege were left unresolved by the *Prati* decision. Plaintiffs make no individual case specific claims in the Court's two Group I cases.

[4] Defendant does not agree with plaintiffs' additional statement and also considers it to be unnecessary and inappropriate argument for a joint status report.

*v. U.S.*, 525 F.Supp.2d 879 (S.D.Tex.,2007)(Elektra). The government appealed those decisions but later voluntarily dismissed those appeals. *Mellina v. United States*, Docket No. 07-11302 in the Fifth Circuit and *Bartimmo v. United States*, Docket No. 08-20060 in the Fifth Circuit. The government later conceded the same §6621(c) penalty interest jurisdictional issues in another case pending in the Southern District of Texas. *Kapusta v. United States*, Docket No. 03-3929.

Plaintiffs' attorneys here represent the taxpayers in the other cases referenced in this report and have appealed the *Keener* decision, including the issue of this Court's subject matter jurisdiction over §6621(c) tax motivated interest claims to the Federal Circuit, where plaintiffs' attorneys believe any conflict with *McGann* as to jurisdiction will be resolved.

### C. Group I Proposal

The parties propose the Court continue the stay in the two Group I cases (*Kettle* and *Weidemann*) and wait until final appellate action in *Keener* and *Prati*, before ruling on the period of limitation and tax motivated interest claims in the two Group I cases (*Kettle* and *Weidemann*).

## II. Group II Report

The Court's Group II cases, *Plowman*, *Glass*, *Mitchell*, and *Brandsted*, have only one type of claim, what the parties term a "basis termination" claim.

The following is plaintiffs' brief explanation of a basis termination claim: Each partner entered into a Form 870-P(AD) settlement with the IRS to adjust the amount of allowable partnership item deductions which in turn increased his basis in his partnership interest by the amount of his disallowed deductions. A partner is entitled to deduct his basis loss in the tax year his partnership terminates or becomes worthless. A partner's basis in his partnership interest is an §6231(a)(5) affected item. Section 6230(c)(2)(B) authorizes affected item refund claims to be

filed within 2 years after the settlement is entered into regardless of whether the tax year would otherwise be time-barred.

Regarding Group II (*Plowman*, *Glass*, *Mitchell*, and *Brandsted*), the parties report on the progress in the following five cases: (1) *LeBlanc*, Fed. Cl. No. 05-743 T; (2) *Schell*, Fed. Cl. No. 04-1743 T; (3) *Isler*, Fed. Cl. No. 01-344 T; (4) *Scuteri*, Fed. Cl. No. 01-358 T; and (5) *Rossman*, Fed. Cl. No. 07-346 T.

**A. Progress Report**

(1) *LeBlanc*, Fed. Cl. No. 05-743 T: This case presents claims like the claims raised in the four Group II cases. Defendant moved to dismiss plaintiffs' complaint on December 7, 2007, plaintiffs responded on January 7, 2008, and defendant filed its reply on February 15, 2008.

(2) *Schell*, Fed. Cl. No. 04-1743 T: This case presents claims like the claims raised in the four Group II cases. Defendant moved to dismiss plaintiffs' complaint on December 20, 2007, plaintiffs responded on April 2, 2008, and defendant filed its reply on May 12, 2008.

(3) *Isler*, Fed. Cl. No. 01-344 T and (4) *Scuteri*, Fed. Cl. No. 01-358 T, Fed. Cl. No. 02-60 T: As noted above, *Isler* and *Scuteri*, in addition to presenting claims like the claims raised in the two Group I cases, present claims like the ones raised in the four Group II cases. However, there has, to date, been no litigation of the claims in *Isler* and *Scuteri* that are like the claims in the four Group II cases. The litigation has focused instead on the claims similar to those raised in the two Group I cases.

(5) *Rossman*, Fed. Cl. No. 07-346 T: Today, the parties are proposing to Judge Block that litigation of basis termination claims commence in *Rossman*. The *Rossman* case is one out of at least 8 termination-year cases before Judge Block in which plaintiffs do not allege a Form 870-

(PAD) settlement agreement. In this respect, it differs from the fact patterns at issue in *Schell* and *LeBlanc*, discussed *supra*, which involve partners who entered Form 870-P(AD) settlements. While both parties believe their arguments with respect to basis termination claims apply whether or not a Form 870-P(AD) settlement was entered, the parties wish to proceed with one non-settlement case to avoid any waste of time that may result, in the event it is ultimately determined that the existence of a Form 870-P(AD) settlement agreement is a critical factor in the fact patterns already being litigated in *Schell* and *LeBlanc*. All four of the Court's Group II cases allege a Form 870-P(AD) settlement agreement.

**B. Group II Proposal**

The parties continue to propose the Court stay the four Group II cases (*Plowman*, *Glass*, *Mitchell*, and *Bransted*), until *Schell* or *LeBlanc* or both are resolved.

Plaintiffs' attorney has authorized defendant's attorney to sign this joint status report on her behalf.

Respectfully submitted,

7/23/2008 s/Teresa J. Womack by s/Bart D. Jeffress
Date

TERESA JEAN WOMACK
Redding & Associates, P.C.
P.O. Box 924328
Houston, Texas 77292-4328
(713) 965-9244
(713) 621-5227 (fax)

Attorney for Plaintiffs

7/23/2008 s/Bart D. Jeffress
Date

BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

7/23/2008 s/Steven I. Frahm
Date Of Counsel

Attorneys for Defendant